**Eladio ARREDONDO–AGUIRRE; et al., Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74748.

Agency Nos. A72–664–648, A72–664–649.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioners.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Allen W. Hausman, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

## MEMORANDUM[***]

Eladio Arredondo–Aguirre and Reyna Cecilia Longoria de Arredondo, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' decision denying their motion to reopen deportation proceedings. To the extent we have jurisdiction, it is conferred by former 8 U.S.C. § 1105a(a). We review a denial of a motion to reopen for abuse of discretion, *see de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in concluding that this Court's decision in *Vera–Villegas v. INS*, 330 F.3d 1222 (9th Cir.2003) did not compel reopening of Petitioners' case. In *Vera–Villegas*, the BIA denied suspension of deportation for failure to establish seven years of continuous physical presence, *see id.* at 1234–35, whereas here, the BIA declined to reach the issue of continuous physical presence and instead denied suspension for failure to show extreme hardship.

This Court lacks jurisdiction over Petitioners' alternative arguments that they are eligible for repapering and that the stop-time rule was improperly applied in

their case because the Petitioners failed to raise these issues before the BIA and, thus, failed to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

